[3 NYS3d 420]

In the Matter of FRANK C. PANETTA, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT,
Petitioner.

Second Department, March 11, 2015

APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Mischel & Horn, P.C.*, New York City (*Richard E. Mischel* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated June 26, 2013, containing two charges of professional misconduct. After a hearing, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the report of the Special Referee, and to impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to disaffirm the report of the Special Referee, and dismiss the verified petition or remit the matter to the Grievance Committee for the imposition of a private sanction, and grant such other relief as the Court deems just and proper.

The charges are predicated upon a common set of factual allegations, as follows:

In or about June 2008, the respondent represented Patricia D. Hartman, the plaintiff in a negligence action entitled *Hartman v City of New York* that was commenced in the Supreme Court, New York County, under index No. 113683. Lauren Curry was the foreperson of the jury at the trial in the *Hartman* action. At or about that time, Ms. Curry was a first-year associate with the law firm of Debevoise & Plimpton.

On or about June 30, 2008, the jury returned a unanimous verdict in favor of the defendant in the *Hartman* action. At or about that time, the respondent spoke to Ms. Curry in an "unpleasant manner." He stated to Ms. Curry, in sum and substance, that "the verdict doesn't make any sense," and asked Ms. Curry, in sum and substance, how she arrived at the decision to find for the defendant.

Following the return of the verdict in the *Hartman* action, the respondent "had a hunch" that Ms. Curry "lied" during the voir dire of the jury panel. The respondent also believed that

Ms. Curry had improperly influenced the jury in its deliberations.

On or about July 30, 2008, the respondent conducted an Internet search of Ms. Curry. At or about that time, the respondent also contacted Ms. Curry's employer, Debevoise & Plimpton, to investigate her background.

In or about April 2012, the respondent continued to believe that Ms. Curry had made misleading statements during the voir dire of the jury panel in the *Hartman* action, and that she had improperly influenced the jury in its deliberations. At or about that time, the respondent conducted a further Internet search of Ms. Curry. On or about April 9, 2012, the respondent sent Ms. Curry the following email:

"From:      *Panettalaw@aol.com*

"Sent:      Monday, April 09, 2012, 4:07 p.m.

"To:      Curry, Lauren E.

"SUBJECT: ALL THESE YEARS LATER I WILL NEVER FORGET LAUREN THE LIAR

"HARTMAN v NYC

"Lauren,

"After numerous multi-million dollar verdicts and success beyond anything you will ever attain in your lifetime, I will never forget you: the bloated Jury [Foreman] that I couldn't get rid of and that misled and hijacked my jury. You lied, said you had no involvement in defense—no biases. It was all bullshit. You deprived a very nice lady, [Patty] Hartman, from recovering in a smoking gun liability case. You either had no idea of what the concept of probable cause meant or you misled the jurors because you were defense oriented. You rooted for the underdog, a totally incompetent corporate counsel, outgunned and stupid. I will never forget the high-fives after the trial you tanked[,] between you and a clueless [corporation] counsel. "I feel attacked." Well you should get attacked you A-hole. Good Luck in Hell.

"Massimo & Panetta, PC

"Frank C. Panetta, Esq."

Charge one alleges that the respondent communicated with a juror after discharge of the jury, by a communication that involves harassment, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 3.5 (a) (5) (iii).

Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h).

In view of the respondent's admissions and the evidence adduced, the Special Referee properly sustained both charges. The Grievance Committee's motion to confirm the report of the Special Referee is granted. The respondent's cross-motion to, inter alia, disaffirm the Special Referee's report or to have the matter remitted to the Grievance Committee for a private sanction, is denied.

In determining an appropriate measure of discipline to impose, the Court has considered the isolated nature of the respondent's conduct, the stressors in the respondent's personal life about which he testified, the favorable testimony of the respondent's character witnesses, and the respondent's expressions of regret and remorse. However, the respondent's email to Ms. Curry was designed to harass her, and his conduct adversely reflects on his fitness as a lawyer.

Under the totality of the circumstances, the respondent is publicly censured for his professional misconduct.

ENG, P.J., MASTRO, SKELOS, DILLON and LEVENTHAL, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's motion to disaffirm the report of the Special Referee or to remit the matter to the petitioner for the imposition of a private sanction is denied; and it is further,

Ordered that the respondent, Frank C. Panetta, is publicly censured for his professional misconduct.